UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS EDWARD FOWLER,

        Plaintiff,

   v.

PEOPLE OF CALIFORNIA,

        Defendant.

Case No.  23-cv-01819-JSC

**ORDER OF DISMISSAL; ON PENDING MOTIONS**

## INTRODUCTION

Petitioner, who has been committed to Napa State Hospital and is proceeding without representation by a lawyer, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking his immediate release from confinement.  His application for leave to proceed in forma pauperis is GRANTED.  For the reasons explained below, the petition is DISMISSED without prejudice for failure to exhaust his state court remedies.  His two pending motions are DENIED.

## BACKGROUND

Petitioner was found guilty in Lake County Superior Court of auto theft and making terrorist threats in two separate cases.  (ECF No. 1 at 2.)  He states he was "sentenced" to a term of three years in state prison on December 10, 2020, his sentence for the two offenses were to "run concurrent[ly], and he was "committed to state hospital on April 22, 2021." [1]  (*Id.*)  He entered a plea of guilty by reasons of insanity.  (*Id.*)  He appealed to the California Court of Appeal; the appeal was still pending when he filed this petition.  (*Id.* at 5.)  He has not filed any appeals in the

---

[1] The Court construes these statements to mean Petitioner was committed to a state hospital for three years under California Penal Code § 1026.5 (providing "maximum term of commitment" to state hospital for defendant who has been found guilty by reason of insanity is "the longest term of imprisonment which could have been imposed for the offense or offenses of which the person was convicted").

United States District Court
Northern District of California

1   California Supreme Court.  (*Id.*)  He lists no other post-conviction proceedings in the state or

2   federal courts other than on January 17, 2023, when the superior court "changed [his] commitment

3   illegally" outside of his presence.  (*Id.* at 6.)

**DISCUSSION**

5   I.    Standard of Review

6        This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

7   custody pursuant to the judgment of a State court only on the ground that he is in custody in

8   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It

9   shall "award the writ or issue an order directing the respondent to show cause why the writ should

10  not be granted, unless it appears from the application that the applicant or person detained is not

11  entitled thereto."  *Id.* § 2243.

12  II.   Legal Claims

13       Petitioner claims "false imprisonment" because the trial court imposed "an illegal

14  extension" of his commitment to a state hospital, and he seeks to "be released on [his] own

15  recognizance immediately."  (ECF No. 1 at 3; *see also id.* at 4 (claiming "I have served all my

16  time and am being held under false imprisonment").)[2]  He claims the commitment terms on his

17  two cases were "changed from concurrent to consecutive illegally."  (*Id.* at 3, 4; *see also id.* at 7

18  ("[I] am being falsely imprisoned, the court . . . decided to run my cases consecutive[ly]").)

19       Petitioner may not proceed with the instant petition at this time because the petition makes

20  it clear he did not exhaust his claim.  An application for a federal writ of habeas corpus filed by a

21  prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless

22  the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in

23  collateral proceedings, by presenting the highest state court available with a fair opportunity to

24  rule on the merits of each and every issue he or she seeks to raise in federal court.  *See* 28 U.S.C. §

25  2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Nelson v. Sandritter*, 351

---

[2] The petition makes only one claim insofar as "Ground One" and "Ground Two" both claim false imprisonment on the grounds that his commitment was extended when the trial court illegally changed the commitment terms from running concurrently to running consecutively.  (*See* ECF No. 1 at 3-4.)

United States District Court
Northern District of California

1  F.2d 284, 285 (9th Cir. 1965) (the constitutionality of state commitment proceedings may be

2  challenged in federal habeas corpus once state remedies have been exhausted).  The appropriate

3  time to assess whether a petitioner has exhausted his state remedies is when the federal petition is

4  filed, not when it is heard by the court, and if the petitioner exhausts after filing, he can bring his

5  claims in a subsequent petition.  *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999).

6         In response to the question on the form petition asking, "Did you seek review in the

7  California Supreme Court?", Petitioner checked the box marked "No."  (ECF No. 1 at 5.)  Where

8  the form asked if he "filed any other petitions, applications, or motions with respect to this

9  conviction, commitment, or issue," Petitioner described only one proceeding, in Lake County

10 Superior Court, and did not indicate he has pursued any claims in the California Supreme Court.

11 (*Id.* at 6.)  It is therefore clear Petitioner had not presented his claims to the California Supreme

12 Court when he filed the instant petition.  Under 28 U.S.C. § 2254(b),(c), he must do so before his

13 claims can be reviewed or decided in federal court.

## CONCLUSION

15        For the foregoing reasons, the petition is therefore DISMISSED without prejudice to

16 refiling after available state judicial remedies are exhausted.  Because this case is dismissed, his

17 motion to "validate" a legal document and a provision of California Proposition 57, and to release

18 him from custody, is DENIED.  (ECF No. 2.)  His motion to order the attorney who represents

19 him in state court to send him his legal papers is DENIED; Petitioner may request these papers

20 from his attorney directly or, if that fails, pursue an assistance from a court in which he has a

21 pending case.  (ECF No. 3.)  The application to proceed in forma pauperis is GRANTED in light

22 of Petitioner's lack of funds.  (ECF No. 7.)

23        The clerk shall enter judgment and close the file.  This order resolves docket numbers 2, 3,

24 and 7.

25        **IT IS SO ORDERED.**

26 Dated: October 20, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3